# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MOISES RIVERA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 14-cv-688 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC, and CACH, LLC, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Moises Rivera is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him, a debt allegedly incurred for personal, family or household purposes.

5. Defendant Rausch, Sturm, Israel, Enerson & Hornik, LLC ("Rausch") is a law firm. It is organized as a Wisconsin limited liability company with its principal place of business located at 250 N. Sunnyslope Road, Suite 300, Brookfield, WI 53005.

6. Rausch is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Rausch is a "debt collector" as defined in 15 U.S.C. § 1692a.

7. Defendant CACH, LLC ("CACH") is a foreign limited liability company with its principal place of business located at 1675 Broadway, Suite 1200, Denver, CO 80202.

8. CACH is engaged in the business of a collection agency, in that it purchases and receives assignment of consumer debts that are in default at the time CACH acquires them.

9. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003), *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

10. CACH uses third party debt collectors and attorneys, including Rausch, to collect allegedly defaulted debts that have been assigned to CACH.

11. A company meeting the definition of a "debt collector" under the FDCPA (here, CACH) is vicariously liable for the actions of a second company collecting debts on its behalf. *Pollice*, 225 F.3d at 404-05 (holding that cases holding assignee vicariously liable for its attorneys' FDCPA violations applies equally to non-attorney debt collectors); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006) (following *Pollice*, disagreeing with *Scally*); *contra Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005).

12. CACH, directly or indirectly, is a debt collector under the above arrangement and is jointly responsible for Rausch's actions. 15 U.S.C. § 1692a(6).

# FACTS

13. On or about April 2, 2014, Rausch mailed a debt collection letter to Plaintiff regarding an alleged debt owed to CACH. A copy of this letter is attached as Exhibit A.

14. Upon information and belief, the alleged debt identified in Exhibit A was an alleged credit card account, used only for personal, household and family purposes.

15. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

16. A search of CCAP reveals that Rausch's collection practice is a high-volume practice, litigating thousands of cases. For example, a search using one Rausch attorney, Sarah Daley, who was admitted to the bar in 2009, returned 1,600 cases. Similar searches for William Sturm, a principal of Rausch, and James Riebe, another attorney at Rausch, returned the error message: "Your search has returned more than 5,000 rows. Please try again." Moreover, the number of class members who received the same form debt collection letters from Rausch, likely exceeds the number of collection lawsuits that Rausch filed.

17. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Rausch had assessed the validity of the alleged debt to the standards required of an attorney.

18. Upon information and belief, at the time Exhibit A was mailed to Plaintiff, no attorney at Rausch had reviewed any documentation underlying the alleged debt, including but not limited to any contract, payment history or any other documents establishing or evidencing the alleged debt.

19. Upon information and belief, it is a common practice of large creditors and debt buyers like CACH to send a computer file with a batch of alleged accounts to the debt collection attorney.

20. Upon information and belief, this computer file often contains only bare-bones information, including, and often limited to, the purported balance, sometimes the purported interest rate, the purported account number, and the alleged debtor's name, address and phone number.

21. Upon information and belief, this computer file does not include any contract, payment history or any other documents establishing or evidencing any of the alleged debts included in the batch.

22. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, no attorney at Rausch had reviewed anything relating to Plaintiff's account. Instead, a computer or a non-attorney assistant at Rausch, or a third party mailing company, generated and mailed the letters.

23. Upon information and belief, at the time <u>Exhibit A</u> was mailed to Plaintiff, no attorney at Rausch had exercised the professional judgment of an attorney that Plaintiff or any other class member was delinquent on her debt and a candidate for legal action, nor was any other attorney at Rausch meaningfully involved in the decision to send <u>Exhibit A</u> to Plaintiff.

24. Upon information and belief, it is the common practice of Rausch to not make a "considered, professional judgment" that legal action is appropriate on an account until months after the dunning letters are mailed, after a complaint is prepared by non-attorney staff, if even then.

25. Upon information and belief, no attorney at Rausch personally reviewed each class member's collection letter in any meaningful sense, before the letter was mailed.

26. Upon information and belief, no attorney at Rausch made an individualized assessment of the class member's circumstances or liability, before <u>Exhibit A</u> was mailed to each class member.

4

27. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

28. The FDCPA specifically prohibits: "The false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3).

29. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

30. The Seventh Circuit has held that an attorney who sends debt collection letters with his or her signature, without meaningfully reviewing each individual account and letter personally and "reach[ing] a considered, professional judgment that the debtor is delinquent and is a candidate for legal action", violates those sections of the FDCPA, 15 U.S.C. §§ 1692e(3) and 1692e(10). *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996); *Nielsen v. Dickerson*, 307 F.3d 623, 635 (7th Cir. 2002); *Boyd v. Wexler*, 275 F.3d 642, 647 (7th Cir. 2001).

## **COUNT I – FDCPA**

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. Exhibit A creates the false impression that an attorney at Rausch had personally reviewed the circumstances of Plaintiff's and class members' alleged debts and Exhibit A itself, and "reached a considered, professional judgment that the debtor is delinquent and is a candidate for legal action," at the time that the letters were mailed to Plaintiff and class members.

33. Before mailing Exhibit A to Plaintiff and the class, no attorney at Rausch had any meaningful involvement with Plaintiff's or class members' alleged debts or the letters.

5

34. Such conduct violates 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10). *Avila*, 84 F.3d at 229; *Nielsen*, 307 F.3d at 635.

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by Exhibit A, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after June 13, 2013, (e) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: June 13, 2014

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com

7